NOTE: CHANGES MADE BY THE COURT

Michael J. Perry (State Bar No. 123124)
  *mjp@michaeljperrylaw.com*
MICHAEL J. PERRY, ESQ.,
  A PROFESSIONAL LAW CORPORATION
4640 Admiralty Way, Suite 500
Marina del Rey, CA 90292
Telephone:  (310) 496-5710
Facsimile:  (310) 306-3456

Attorneys for Plaintiffs SAMBONET PADERNO INDUSTRIES S.P A, and
ROSENTHAL SAMBONET, USA, LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SAMBONET PADERNO INDUSTRIE S.P A,, an Italian corporation; ROSENTHAL SAMBONET, USA, LTD., a New York corporation qualified to do business in California and doing business as PADERNO WORLD CUISINE, <br><br> Plaintiffs, <br><br> vs. <br><br> SHAWN & KELLY, INC., dba S&K, INC.  a South Carolina corporation; SHAWN HODGSON, an individual; KELLY HODGSON, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. <br> ——————————————— <br> AND RELATED COUNTERCLAIM | **Case No.: 2:16-cv-01318-ODW-PLA** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br> Assigned to: Hon. Otis D. Wright II <br> Trial Date: September 19, 2017 |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## GOOD CAUSE

Discovery in this action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties acknowledge that this Order does not confer blanket protections

-2-
**STIPULATED PROTECTIVE ORDER**

on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause statement.

2.     The term "materials" will include, but is not be limited to:  documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of Michael J. Perry, APLC and KRONENBERGER ROSENFELD, LLP.

4.     The term "Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

5.     The term "Designating Party" will mean a party or non-party to the above-entitled action that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

6.     The term "Producing Party" will mean a party or non-party that produces material in this action.

7.     The term "Receiving Party" will mean a party that receives material from a Producing Party.

8.     The term "Challenging Party" will mean a party or non-party that challenges the designation of information or items under this Stipulated Protective Order.

## SCOPE & DURATION

9.     The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

10.    Any use of Confidential Information at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Confidential Information at trial.

11.    Once a case proceeds to trial, all of the court-filed information to be introduced and admitted into evidence that was previously designated as confidential or maintained pursuant to this Stipulated Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless the trial court orders the documents to be sealed and/or clearing the

-4-

courtroom, and/or sealing portions of the reporter's transcripts as the trial court deems appropriate according to local rules of this Court. s.

## GENERAL RULES

12.    Each Producing Party that, through discovery in this action, produces or discloses any materials containing Confidential Information in answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

13.    Designation as "CONFIDENTIAL":  A party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

14.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY":  Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, or other commercial information.

15.    For information produced in documentary form, the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to each page that contains Confidential Information.  For electronic documents and files produced in native format such that the legend cannot be affixed to each page without overwriting the data or otherwise altering the content of the document (e.g., Excel spreadsheets), the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be included in the title of the document along with the associated Bates-number.

16.    In the event the producing party elects to produce materials for

inspection, no marking need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Stipulated Protective Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

17.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

A.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the court reporter and other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

B.    the Designating Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

C.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being

**STIPULATED PROTECTIVE ORDER**

opened except by order of this Court.

18.     All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

19.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may be viewed only by counsel (as defined in paragraph 3) of the Receiving Party, and by independent Experts, provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms. .

20.     Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the Receiving Party, by independent Experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms:

A.     Executives who are required to participate in policy decisions with reference to this action;

B.     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

C.     Stenographic and clerical employees associated with the individuals identified above.

21.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

22.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the Producing or Designating

**STIPULATED PROTECTIVE ORDER**

Party, and any and all reproductions of that information, must be retained in the custody of the counsel for the Receiving Party identified in paragraph 3, except that independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

23.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal; good cause for the under seal filing must be shown. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  The parties shall follow and abide by applicable law, including the local rules of this Court.

24.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.The materials at issue must be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

25.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating

Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

26.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

27.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

28.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Designating Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The Receiving Party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or

"CONFIDENTIAL – FOR COUNSEL ONLY."

29.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

30.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(A)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(B)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(C)  make the information requested available for inspection by the Non-Party, if requested.

31.     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

32.     Nothing in this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is

protected as privileged or as attorney work product.

33.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

34.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

35.     Nothing in this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

36.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, deposition transcripts and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

37.     The restrictions and obligations set forth in this Order will not apply to any information that:  (a) the parties agree should not be designated Confidential

-11-
**STIPULATED PROTECTIVE ORDER**

Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

38.     The restrictions and obligations in this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

39.     Transmission by email to the email address of record with this Court for counsel for each party is acceptable for all notification purposes within this order.

40.     This Order may be modified by agreement of the parties, subject to approval by the Court.

41.     The Court may modify the terms and conditions of this Order in the interests of justice or for public policy reasons.


IT IS SO ORDERED this 8th day of August, 2016

_____
Paul L. Abrams
Magistrate Judge, United States District Court

**STIPULATED PROTECTIVE ORDER**

MICHAEL J. PERRY
A PROF. LAW CORP.


Dated:  August 8, 2016          By: /s/ Michael J. Perry
                                    Michael J. Perry
                                    mjp@michaeljperrylaw.com
                                    Attorneys for Plaintiffs Sambonet
                                    Paderno Industrie S.P.A. and
                                    Rosenthal Sambonet USA. Ltd.


KRONENBERGER ROSENFELD,
LLP.

Dated:  August 8. 2016          By: /s/ Virginia Sanderson
                                    Virginia Sanderson
                                    ginny@krinternetlaw.com
                                    Attorneys for Defendants/Counter-
                                    claimant Shawn & Kelly, Inc., dba
                                    S&K, Inc., Shawn Hodgson, and
                                    Kelly Hodgson.

**STIPULATED PROTECTIVE ORDER**

1

## EXHIBIT A

2

3

4

5

6   SAMBONET PADERNO
    INDUSTRIE, S.P.A., an Italian
7   business entity; and ROSENTHAL
    SAMBONET, USA, LTD., a New York
8   corporation doing business as
    PADERNO WORLD CUISINE,
9

10          Plaintiffs,

11      vs.

12   SHAWN & KELLY, INC., dba S&K,
     INC.  a South Carolina corporation;
13   SHAWN HODGSON, an individual;
     KELLY HODGSON, an individual; and
14   DOES 1 through 10, inclusive

15          Defendants

16   _____

17   AND RELATED COUNTERCLAIM.

18

19

Case No. CV14-09473-FMO (RZx)

**AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

Trial Date:  June 9, 2016

20      I, _____, declare and say that:

21      1.    I am employed as _____by

22   _____.

23      2.    I have read the Protective Order entered in _____v.

24   _____, Case No. _____, and have received a copy of the

25   Protective Order.

26      3.    I promise that I will use any and all "Confidential" or "Confidential -

27   For Counsel Only" information, as defined in the Protective Order, given to me only

28

-14-

**STIPULATED PROTECTIVE ORDER**

1    in a manner authorized by the Protective Order, and only to assist counsel in the
2    litigation of this matter.

3        4.    I promise that I will not disclose or discuss such "Confidential" or
4    "Confidential – For Counsel Only" information with anyone other than the persons
5    described in paragraphs 3, 8 and 9 of the Protective Order.

6        5.    I acknowledge that, by signing this agreement, I am subjecting myself
7    to the jurisdiction of the United States District Court for the Southern District of
8    California with respect to enforcement of the Protective Order.

9        6.    I understand that any disclosure or use of "Confidential" or
10   "Confidential – For Counsel Only" information in any manner contrary to the
11   provisions of the Protective Order may subject me to sanctions for contempt of
12   court.

13       I declare under penalty of perjury that the foregoing is true and correct.

14

15   Date: _____          _____

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**