1  MICHAEL J. PERRY, ESQ.,
   A PROFESSIONAL LAW CORPORATION
2  Michael J. Perry (State Bar No. 123124)
   *mjp@michaeljperrylaw.com*
3  4640 Admiralty Way, Suite 500
   Marina del Rey, CA 90292
4  Telephone: (310) 496-5710
   Facsimile: (310) 306-3456
5
6  Attorneys for Plaintiffs SAMBONET PADERNO INDUSTRIES S.P A, and
   ROSENTHAL SAMBONET, USA, LTD.

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA       J

10                   WESTERN DIVISION                JS-6

11

12

| | |
|---|---|
| 13  SAMBONET PADERNO INDUSTRIE S.P A,, an Italian corporation; ROSENTHAL SAMBONET, USA, LTD., a New York corporation qualified to do business in California and doing business as PADERNO WORLD CUISINE, | Case No.: 2:16-cv-01318-ODW-PLA  JUDGMENT UPON STIPULATION OF ALL PARTIES  Assigned to: Hon. Otis D. Wright II  Trial Date: September 19, 2017 |
| 17       Plaintiffs, | |
| 18       vs. | |
| 19  SHAWN & KELLY, INC., dba S&K, INC. a South Carolina corporation; SHAWN HODGSON, an individual; KELLY HODGSON, an individual; and DOES 1 through 10, inclusive, | |
| 22       Defendants. | |
| 23  AND RELATED COUNTERCLAIM | |

25

26

27

28

Plaintiffs SAMBONET PADERNO INDUSTRIE S.P A,, an Italian corporation, and ROSENTHAL SAMBONET, USA, LTD. (collectively "Plaintiffs"), filed a complaint in this action charging defendants SHAWN & KELLY, INC., dba S&K, INC., a South Carolina corporation ("S&K"), SHAWN HODGSON, an individual, and KELLY HODGSON, an individual (collectively, "Defendants"), with trademark Infringement, copyright infringement, trade dress infringement, unfair competition, and federal false designation of origin, all under 15 U.S.C. § 1125(a), California statutory and common law unfair competition, and constructive trust, and for Cancellation of Defendant's Trademark.

Thereafter, Defendant S&K filed a Counterclaim against Plaintiffs for Declaratory Relief on Plaintiffs' trademarks, copyrights, and trade dress and False Advertising under the Lanham Act under 15 U.S.C. § 1125(a). The Hodgsons filed a motion to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim against them. As of the filing of this Stipulation, the Court has not ruled on the motion to dismiss.

The parties desiring to settle the controversy between them, it is

**ORDERED, ADJUDGED AND DECREED** that:

1. JURISDICTION

This Court has original jurisdiction over this action under 28 U.S.C. section 1332, in that it is a civil action between citizens of different states and countries in which the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116(a) and 1121; 28 U.S.C. § 1331, and § 1338(a) and (b); 28 U.S.C. § 1367, and 15 U.S.C. §§1121 and 1125(a) in that the claims herein arise under the federal copyright and trademark laws of the United States, (b) under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 as to the pendant state law claims. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 (b) and

(c). Service was properly made against Defendants and Defendants do not contest service or jurisdiction.

2. PLAINTIFFS' TRADEMARKS AND COPYRIGHTS

a. Plaintiff Sambonet is the owner of the following United States Trademarks, which are hereinafter referred to as the Trademarks:

| Mark | Registration No. | Registration Date |
|---|---|---|
| PADERNO" above a distinctive inverted pyramid over WORLD CUISINE | 3854366 | September 28, 2010 |
| PADERNO | 1789437 | August 24, 1993 |
| PADERNO WORLD CUISINE | 4113400 | March 20, 2012 |

b. Plaintiff Sambonet is the owner of the following United States Federal Copyright Registrations issued by the Register of Copyrights on November 12, 2012 and appended to the Complaint as Exhibit 2: VA-1-890-286, VA 1-889-539, VA 1-889-546, VA 1-889-541, VA 1-889-547, VA 1-889-548, VA 1-889-550, VA 1-889-551, VA 1-889-552, VA 1-889-553, VA 1-889-554 and VA 1-889-839.

c. Plaintiff Sambonet alleges it is the owner of the unregistered copyright of Plaintiffs' product packaging containing, among other descriptions, pictures of the registered copyrights identified in item 2(b), above, and are collectively appended to the Complaint as Exhibits 3 and 4. The copyrights identified in items 2(b) and (c) are hereinafter referred to as the "Copyrights."

3. NO ADMISSIONS.

This Judgment effectuates the settlement of claims which are denied and contested and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party. Each party denies any liability in connection with any claims and intends merely to avoid litigation and buy its peace.

4.     PERMANENT INJUNCTION.

Defendants, and each of them, and any person or entity acting in concert with, or at the direction of them, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to, inter alia, 15 U.S.C. §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world, now or in the future:

a.     importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiffs' Trademarks and Copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiffs' Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b.     using Plaintiffs' Trademarks or Copyrights anywhere, including on any Internet domain name or website, including but not limited to Amazon.com; and/or

c.     Offering to sell, ordering, manufacturing, marketing, advertising, distributing, offering to distribute, selling, and/or using: (a) anything bearing Plaintiffs' Trademarks and/or Copyrights and/or the names PADERNO," "SAMBONET, and/or "ROSENTHAL, and/or " WORLD CUISINE" and/or any word confusingly similar to any of these names; and (b) and any kitchen products bearing the name "PALERMO" and/or any word confusingly similar to "PALERMO."  "except that Defendants may use the name "PALERMO" in connection with the sale of cooking and meat thermometers, wine openers, and

products related to feeding infants and pre-adolescent children that are not commonly used by or marketed to adolescent children or adults.

    d.    This Final Judgment shall be deemed to have been served upon Defendants at the time of its execution and entry by the Court.

5.    The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendants.

6.    Plaintiffs are entitled to recover from Defendants the sum of Sixty-Five Thousand dollars ($65,000) or One Hundred Fifty Thousand Dollars minus any payments made if Defendants breach the payment terms of the separate Settlement Agreement by and between Plaintiffs and Defendants.

7.    No party shall be entitled to an additional award of attorneys' fees, costs, or other monetary award in excess of what is expressly awarded herein, except to the extent attorney's fees are incurred by Plaintiffs in connection with an application for an Amended Judgment in this action.

8.    NO APPEALS AND CONTINUING JURISDICTION. No appeals shall be taken from this Final Judgment, including Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment, including Permanent Injunction, and the Permanent Injunction herein and to amend this Final Judgment if Defendants breach the payment terms of the separate Settlement Agreement by and between Plaintiffs and Defendants.

Dated: September 26, 2016

_____
          Hon. Otis D. Wright
    UNITED STATE DISTRICT JUDGE